IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: DAVID PROPER                                                   No. 1:24-mc-00016-WJ

## ORDER TO SHOW CAUSE

The Supreme Court of the State of New Mexico ordered that David Proper is "PERMANENTLY DISBARRED from the practice of law . . . effective immediately." Order at 2, *In the Matter of David Proper, Esq.*, No. S-1-SC-39587, filed July 27, 2023 (N.M.).

The Local Rules of Civil Procedure for the District of New Mexico do not allow an attorney who has been disbarred from the practice of law to practice before this Court:

> An attorney admitted to the bar of this court must remain in good standing in all courts where admitted. In good standing means not suspended or disbarred by any court for any reason. An attorney whose suspension or disbarment has been stayed by order of the disciplining court prior to the effective date of the suspension or disbarment remains in good standing. An attorney who is not in good standing may not practice before the bar of this court or continue to be an attorney of record in any pending case....

D.N.M.LR-Civ. 83.2(c) ("Rule of Good Standing").

The New Mexico Supreme Court permanently disbarred Mr. Proper effective July 27, 2023. The District of New Mexico's records do not indicate that Mr. Proper complied with the District of New Mexico's Local Rule of Civil Procedure regarding self-reporting:

> If the attorney is suspended or disbarred for any reason by any court, the attorney must, within 14 days of the date the disciplinary order enters, give written notice to the clerk of this court of the terms of discipline, the name and address of the court imposing the discipline, and the effective date of the disciplinary action. An order of suspension or disbarment that is stayed or appealed must be reported.

D.N.M.LR-Civ. 83.2(f); *see also* D.N.M.LR-Civ. 83.2(g) ("Failure to self-report is a separate cause for disciplinary action").

Mr. Proper shall, within 30 days of entry of this Order, show cause in writing why the Court should not: (i) disbar him in accordance with D.N.M.LR-Civ. 83.2(c) due to his disbarment by the Supreme Court of the State of New Mexico; and (ii) discipline him in accordance with D.N.M.LR-Civ. 83.2(f) and (g) for failure to self-report his disbarment. Mr. Proper's written response to this Order to Show Cause must address each of the standards for relief from the Rule of Good Standing. *See* D.N.M.LR-Civ. 83.2(d)(2). Mr. Proper may file portions of transcripts from the disciplinary proceedings and any other exhibits in support of his request for relief from the Rule of Good Standing. Mr. Proper must mark, for example, by brackets, shading, or underlining, to indicate the portions of any transcripts or exhibits Mr. Proper wishes to bring to the Court's attention. *See* D.N.M.LR-Civ. 10.6. Failure to timely show cause will result in disbarment from the Federal Bar of the District of New Mexico.

Mr. Proper may, within 30 days of entry of this Order, request that the undersigned appoint a Panel of Judges to review the State of New Mexico's disciplinary proceedings. *See* D.N.M.LR-Civ. 83.10(a). Because the Panel may decide it is not necessary to conduct a hearing to determine whether discipline, suspension or disbarment is appropriate, any request for the appointment of a Panel of Judges must include all the materials Mr. Proper wishes the Panel to review.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE